UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 1 7 2009

PER _____
DEPUTY CLERK

ROBERT J. HOUSE,                    :

      Petitioner                  :

                     :

      v.                          : CIVIL NO. 3:CV-08-331

                     :

WARDEN, SCI-MAHANOY,                : (Judge Kosik)

                     :

      Respondent                  :

# **M E M O R A N D U M**

## I.   **Introduction**

Presently before the court for consideration is the habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Robert J. House. House is currently confined at the State Correctional Institution at Mahanoy, Pennsylvania. In the petition, House challenges his 2004 Dauphin County Court of Common Pleas conviction on Aggravated Assault and Criminal Conspiracy charges. The matter is ripe for determination and, for the reasons that follow, the petition will be denied.

## II.  **Background**

As extracted from the August 9, 2005, opinion of the Pennsylvania Superior Court on direct appeal, the facts are as follows:

On March 7, 2003, Brent Mosley and Rikeena Turner exited the home of a friend on North 15th Street in Harrisburg, Pennsylvania. Mosley noticed that a champagne-colored car, which he had seen when he entered the home, was still parked across the street. Mosley and Turner got into Mosley's car and began to drive away; the car that had been parked across the street followed and eventually blocked their lane of travel on 19th Street. A man identified as Appellant, and another man, exited the champagne-colored car and approached Mosley's vehicle. The two men were both brandishing guns, and they ordered Mosley out of his car.

A third man, the driver of the champagne-colored car, then exited the car. He walked to Mosley's car and pulled him out. One of the assailants ripped a gold necklace from Mosley's neck. The third man and Mosley then began to fight on the street. Mosley was able to overpower his attacker and flee to his car; his vehicle was then fired upon by the attackers. The bullets penetrated the car, but they did not strike Mosley or his passenger.

(Doc. 10, Resp., Ex. E, Pa. Super. Op. at 1-2.)

Following a jury trial in the Dauphin County Court of Common Pleas, House was convicted of Aggravated Assault and Criminal Conspiracy on June 17, 2004. He was sentenced to a term of imprisonment of 13½ to 27 years on September 9, 2004. He thereafter pursued a direct appeal to the Pennsylvania Superior Court raising the issue of trial court abuse of discretion when it allowed the Commonwealth, over defense objection, to introduce evidence of an offense for which he had previously been acquitted. On August 9, 2005, the Superior Court affirmed the judgment of sentence on direct appeal. (Id; Commonwealth v. House, No. 1572 MDA 2004.)

No petition for allowance of appeal was filed with the Pennsylvania Supreme Court.

On October 28, 2005, House filed a pro se petition for relief under the

Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. The

PCRA court appointed counsel on November 9, 2005, and granted leave to file a

supplemental PCRA petition. On January 30, 2006, appointed counsel filed a Motion

to Withdraw under the PCRA. On July 7, 2006, the PCRA court issued a

Memorandum and Order finding the issues raised by House in his PCRA petition

lacked merit, granting counsel's Motion to Withdraw, and providing House with

notice of the intent to dismiss his PCRA petition. On August 31, 2006, the PCRA

court dismissed the petition.

House thereafter filed a pro se appeal to the Pennsylvania Superior Court from

the denial of PCRA relief. In the appeal, the following grounds were raised:

1. Denial of effective assistance of trial counsel for failing to obtain and/or utilize prior inconsistent statements of Brent Mosley.

2. Denial of effective assistance of trial counsel for failing to call Keith Campbell as a witness.

3. Denial of effective assistance of trial counsel for failing to object to the trial court's coercive instruction to the jury.

4. Denial of effective assistance of trial counsel for failing to object to the improper admission of non-testifying co-defendant's inculpatory statement.

5. Denial of effective assistance of counsel on direct

appeal for failing to preserve a valid sentencing issue.

6.      Denial of effective assistance of counsel on direct appeal for failing to argue the lack of sufficient evidence to support the conspiracy verdict.

7.      Denial of effective assistance of counsel during PCRA proceedings for failing to raise direct appeal counsel's ineffectiveness regarding trial ineffectiveness.

(Doc. 10, Ex. K.)  On October 30, 2007, the Superior Court affirmed the denial of

PCRA relief.  (Id., Ex. L, Commonwealth v. House, No. 1720 MDA 2006.)  A

petition for allowance of appeal was not pursued to the Pennsylvania Supreme Court.

     The instant petition for writ of habeas corpus was filed on February 22, 2008.

In the petition, House raises the following grounds:

1.      Petitioner's conviction resulted from state court errors which denied a fair trial.  The trial court abused its discretion when it allowed the Commonwealth, over defense objection, to introduce as "other wrongs, crimes or acts" an alleged incident (carjacking) for which Petitioner had been acquitted the week before in Federal Court.

2.      Petitioner's trial counsel was ineffective.  Trial counsel failed to utilize 5/4/03 statement of victim to police or 7/29/03 preliminary hearing testimony, failed to call Keith Campbell as a witness, failed to object to the Court's coercive jury instructions and failed to object to the improper admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw who did not testify at trial identifying Petitioner as "third person" where there was only three defendants and two were named.

4

3.     Petitioner's appellate counsel was ineffective for failing to preserve valid sentencing issues that Court did not consider the guidelines, state reason for sentence and imposed unduly harsh and excessive sentence that should have merged and failed to argue sufficiency of conspiracy verdict where there was no evidence that Petitioner participated in the object of the conspiracy.

4.     Material and prejudicial testimony evidence was introduced against Petitioner without opportunity to cross-examine.  Admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw who did not testify at trial identified Petitioner as "third person" where there were only three defendants and two were named.

(Doc. 1, Pet. at 6, 7, 9, 10.)  Following an enlargement of time, a response to the petition was filed on June 27, 2008, along with supporting exhibits. (Doc. 10.)  No traverse has been submitted by House.

## III.   Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v.

5

Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

## A.     **Exhaustion of State Court Remedies**

Habeas corpus relief cannot be granted unless all available state remedies have

been exhausted, or there is an absence of available State corrective process, or

circumstances exist that render such process ineffective to protect the rights of the

applicant. See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on

principles of comity in order to ensure that state courts have the initial opportunity to

review federal constitutional challenges to state convictions. See Werts v. Vaughn,

228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S.

838, 844-45 (1999).  Respect for the state court system requires that the petitioner

demonstrate that the claims in question have been "fairly presented to the state

courts." Castille v. Peoples, 489 U.S. 346, 351 L(11989).  Fair presentation also

requires the petition to raise the claim in a procedural context in which the state

courts can consider it on the merits. Id.

In the fourth ground raised in the instant petition, House claims that evidence

was admitted in violation of Bruton v. United States, 391 U.S. 123 (1968).

Specifically, House is referring to the admission of O'Connor's testimony provided

by co-defendant Russaw who did not testify at trial. However, this claim was never presented to the state courts independent of the ineffectiveness of counsel claim. Under the PCRA, the time for presenting the claim has expired. Pursuant to 42 Pa. C.S. § 9545(b), there is a one-year jurisdictional limitations period for presenting claims under the PCRA. "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found at § 9545(b)(1)(I)-(iii). See Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214, 222 (1999). House does not argues that any of these exceptions are available to him. He is therefore barred from proceeding further in state court.

When a claim is not exhausted because it has not been fairly presented to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process. 28 U.S.C. § 2254(b). A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d

Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. .Frank, 266 F.3d 218, 224 (2001). This exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

House has not alleged cause or prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Consequently, he is precluded from pursuing the issue of the introduction of Russaw's statement violating Bruton.

**B.    Merits**

The remaining three grounds raised in House's petition are fully exhausted and will be considered on the merits. Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus

premised on a claim previously adjudicated on the merits in state court shall not be

granted unless:

> (1) [the decision] was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is

not sufficient for the petitioner to show merely that his interpretation of Supreme

Court precedent is more plausible than the state court's; rather, the petitioner must

demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v.

Superintendent, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only

find a state court decision to be an unreasonable application of federal law if the

decision, "evaluated objectively and on the merits, resulted in an outcome that cannot

reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume

that a state court's findings of fact are correct.  A petitioner may only rebut this

presumption with clear and convincing evidence of the state court's error. Miller-El

v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard

in § 2254(e)(1) applies to factual issues, whereas the unreasonable application

standard of § 2254(d)(2) applies to factual decisions). Matteo, 171 F.3d at 888;

Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of

correctness applies to both explicit and implicit findings of fact.  Campbell v.

Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner "must

clear a high hurdle before a federal court will set aside any of the state court's factual

findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

### 1.    Trial court error in admitting evidence of prior carjacking of which Petitioner was acquitted

House argues that his conviction resulted from state court errors which denied

him a fair trial when the Commonwealth was permitted to introduce evidence of a

carjacking that occurred on April 14, 2003, about 5½ weeks after the incident at issue

in this case.  House had been acquitted with regard to the carjacking the week before

in federal court.  He claims that in allowing the Commonwealth, over objection, to

introduce evidence of "other wrongs, crimes or acts" of which he had been acquitted,

he was denied a fair trial. (Doc. 1, Pet. at 6.)

Respondent first states that although House's argument is stated as an issue of

error under the law of evidence, he did argue the present matter as a federal issue

before the Pennsylvania Superior Court because he presented it, in part, based on

constitutional principles.  Nevertheless, Respondents maintain that House's argument

is contrary to established federal law and therefore must fail.

As set forth in Dowling v. United States, 493 U.S. 342, 348 (1990), the

prosecution may present evidence of a crime as "other acts" evidence despite the

defendant's acquittal of the other crime, as long as the acquittal does not determine an ultimate fact in the present case. Simply because the prior activity of which House was acquitted may relate to the instant offense, it's later use as evidence is not barred as long as the prior acquittal did not determine the ultimate issue in the instant case. The fact that House may have been charged and ultimately acquitted of a carjacking in an incident which occurred weeks prior did not resolve the issue in the instant case and the standard of proof varied. As such, House's claim is without merit.

### 2.   Ineffective assistance of trial counsel

House raises several grounds of ineffective assistance of trial counsel. To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced his or her defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).[1] The court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. See id. at 689; Gov't of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

House first contends that trial counsel failed to utilize statements by Mosley on

---

[1] The performance and prejudice prongs of Strickland may be addressed in either order, and, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . that course should be followed." Strickland, 466 U.S. at 697.

cross-examination.  On appeal from the denial of House's PCRA, the Superior Court

reviewed the claims under Pennsylvania's standard for analyzing claims of

ineffectiveness, which is wholly consistent with the federal standard.  <u>See</u>

<u>Commonwealth v. Reaves</u>, 923 A.2d 1119, 1128 n.10 (Pa. 2007).  The Superior Court

found as follows:

> House first claims that his trial counsel rendered ineffective
> assistance by failing to obtain and use a prior inconsistent
> statement by Mosley for purposes of cross-examination.
> According to House, trial counsel failed to utilize Mosley's
> May 4, 2003 statement, left on a police detective's voice
> mail, indicating that Mosley did not want his name in the
> paper and did not want to prosecute the case.  Brief for
> Appellant at 8.  House also claims that counsel was
> ineffective for not challenging Mosley's preliminary hearing
> testimony that police officers forced Mosley to press
> charges, and that House did not fire the shots.  **Id**. at 9.
>
> In its Opinion, the PCRA court determined, *inter alia*, that
> counsel had effectively questioned Mosley about his
> conflicting statements.  PCRA Court Opinion, 7/7/06, at
> 405.  Our review of the record confirms the PCRA court's
> findings, and we discern no error in this regard.  The record
> reflects that House's trial counsel conducted an extensive
> cross-examination of Mosley.  Trial counsel questioned
> Mosley regarding his prior inconsistent statements to police
> officers, as well as his inconsistent testimony at the
> preliminary hearing.  N.T., 6/14-17/04, at 99-100, 115-38.
> Thus, House's claim is without arguable merit and, on this
> basis, his ineffectiveness claim must fail. **See**
> **Commonwealth v. Edwards**, 762 A.2d 382, 390 (Pa.
> Super. 2000)(stating that counsel cannot be deemed
> ineffective for failing to raise a claim that is without merit).

(Doc. 10, Ex. L, 10/30/07 Pa. Super. Op. at 4-5.)

In reviewing the record, it is clear that trial counsel utilized both the preliminary hearing transcript for cross-examination, as well as various statements to the police. (Id., Ex. A, Trial Tr. at 96-99, 130-38). In analyzing House's claim regarding Mosley's statement on May 4, 2003, that he did not want his name in the paper and did not want to prosecute the case, House points out no inconsistency, i.e., testimony by Mosley indicating that he did want his name in the paper or that he did want to prosecute the case. Actually, during the trial Mosley testified that he told his father and the police that he ". . . didn't want to press charges." (Id. at 67.) As such, trial counsel cannot be found to be ineffective where there was no statement inconsistent with Mosley's testimony to impeach with the statement made on May 4, 2003. Since the court finds no deficient performance on the part of trial counsel, there is no need to address the prejudice prong with respect to this claim.

House next alleges trial counsel ineffectiveness for failing to call Keith Campbell as a witness. According to House, Campbell would have offered testimony that would have exonerated him -- that Russaw had made a statement to him that it was actually Russaw that fired the shots at Mosley, not House.

To establish ineffectiveness for failure to call a witness, a defendant must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or where counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify

13

for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial. See Commonwealth v. Ervin, 766 A.2d 859, 865 (Pa. Super. 2000). Further, ineffective assistance of counsel for failure to call witnesses will not be found where a defendant fails to provide affidavits from the alleged witness indicating their availability and willingness to cooperate with the defense. Commonwealth v. Khalil, 806 A.2d 415, 422 (Pa. Super. 2002). In support of his claim he relies on a Voluntary Statement signed by Campbell which was obtained by police officers on June 3, 2003. In the Statement, Campbell stated that Russaw confessed to the shooting while in prison. He also indicated in the statement that he would be willing to testify in court, if necessary. (Doc. No. 10, Ex. K at Ex. D.)

In addressing this ineffective assistance claim, the Pennsylvania Superior Court found that Campbell was not under oath when he issued the statement referred to above, and that House had not included an affidavit from Campbell indicating that Campbell was, in fact, willing and available to testify at the June 2004 trial. (Id., Ex. L, 10/30/07 Super. Ct. Op. at 6.) Further, the Superior Court found the PCRA court's determination that Campbell was not available to be supported by the record for the following reasons:

> In its Memorandum granting counsel's Motion to withdraw, the PCRA court stated that House's PCRA counsel "included a letter in his Motion [to withdraw] confirming [Campbell's] unavailability to provide favorable testimony on behalf of [House]." PCRA Court Memorandum and Notice of Intention to Dismiss, 7/7/06, at 5. In his Motion

14

to withdraw, House's counsel had stated the following:

> [House's] second allegation of error alleges
> ineffective assistance of counsel based upon a
> witness, [Campbell], being available as
> exculpatory evidence.  This position is without
> arguable merit. . . . Undersigned counsel spoke
> with [Campbell] on January 11, 2005, and
> followed up with a confirmatory letter to his
> attention.  (Letter attached as Exhibit C).  As
> described in the letter, [Campbell] is not
> available as an exculpatory witness on behalf
> of [House].

**See** Motion to Withdraw as Counsel, 1/30/06, at ¶ 12.  The
letter attached as an exhibit to the Motion confirmed
counsel's discussion with Campbell, and summarized
Campbell's position as follows:

> 1.  You [Campbell] are not familiar with
> [House].
> 2.  You are not familiar with a shooting incident that
> occurred on March 7, 2003; and
> 3.  You are not familiar with a shooting
> incident occurring around 19th and North
> Streets in Harrisburg.

**Id.**, Exhibit C.

Thus, the PCRA court's determination that Campbell was
not available is supported by the evidence of record.
Accordingly, House has failed to demonstrate that this
ineffectiveness claim has arguable merit.  Accordingly, his
ineffectiveness claim must fail.  **See Edwards**, 762 A.2d at
390.

(Id., Ex. L, 10/30/07 Super. Ct. Op. at 6-7.)

Based on the totality of the evidence, the Superior Court's determination is not contrary to, nor does it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The evidence reveals that House has failed to show that Campbell was available to testify and provide exculpatory evidence.

The third ineffective assistance claim raised by House is that trial counsel should have objected to an alleged "coercive" jury instruction given by the trial court. The challenged jury instruction was in response to a question submitted by the jury to the trial court inquiring as to the consequences if there is no unanimous decision on a count, and what that means/how it affects the other counts that the jury is unanimous on. (Doc. 10, Ex. A, Trial Tr. at 400.)

In addressing House's claim of ineffectiveness, the Superior Court fully set forth the instruction to the jury given by the trial court in response to the jury's question. In reviewing the instruction, the Superior Court found as follows:

> We cannot conclude, based on the foregoing, that the trial court erred in its jury instructions. The charge did not suggest the implications rejected by the Pennsylvania Supreme Court in **Spencer**, nor was it coercive. Because House's ineffectiveness claim is without arguable merit, he is not entitled to relief. **See Edwards**, 762 A.2d at 390.

(Id., Ex. L at 9-11.)

The question for consideration in evaluating a jury instruction is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction

violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) citing Cupp v.

Naughton, 414 U.S. 141, 147 (1973).  The instruction is considered in the context of

the instructions as a whole and the trial record, Cupp, supra, 414 U.S. at 147, and

reviewed to determine "whether there is a reasonable likelihood that the jury has

applied the challenged instruction in a way" that violates the Constitution.  Boyde v.

California, 494 U.S. 370, 380 (1990).

In the instant case the instruction given in response to the jury question is

challenged as "coercive." This court finds that the state court decision is not contrary

to, or an objectively unreasonable application of Supreme Court precedent.  In

reviewing the instruction given by the trial court in response to the jury's inquiry, the

court simply requested that the jury continue deliberating since they had only been

doing so for a short period of time.  If they were not able to reach a unanimous verdict

as to all counts, the court stated that it would accept a verdict on any charge as to

which there was a unanimous verdict.  The jurors were encouraged to continue to

discuss any matters on which they could not reach a unanimous verdict, and to

consider what the other jurors had to say.  They were requested to evaluate their own

position and surrender said position if they could do so without violating their own

conscience.   Accordingly, this habeas claim is without merit.

House finally contends that trial counsel was ineffective when he failed to

object to the admission of non-testifying co-defendant Russaw's inculpatory

statement. Specifically, at trial Detective O'Conner testified regarding Russaw's statement indicating that a third person had shot Mosley. (Doc. 10, Ex. A. Trial Tr. at 247-49). House claims that counsel's failure to object to this admission violated Bruton v. United States, 391 U.S. 123 (l968). Bruton held that where the statement of a non-testifying co-defendant names the defendant as a participant in the crime, even if the jury is instructed to consider the confession only against the co-defendant as maker of the statement, the defendant is denied his Confrontation Clause rights. Id. at 135. However, where the reference to the name or to the existence of the defendant is redacted, it may be admitted at a joint trial where the court instructs the jury not to consider the statement against the defendant. See Commonwealth v. Miller, 819 A.2d 504, 511 (Pa. 2002), citing Richardson v. Marsh, 481 U.S. 200 (1987). Where the redacted confession acquires its incriminating character solely as a result of evidence that later connects the defendant to the confession, a jury is less likely to disregard an instruction to consider the statement only as to the declarant. Miller, 819 A.2d at 511.

In addressing this issue the PCRA court found that:

> "'[T]he Confrontation Clause is not violated by the admission of a nontestifying co-defendant's confession with a proper limiting instruction when...the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" Commonwealth v. Miller, 819 a.2d 504, 511 (Pa. 2002)(quoting Richardson v. Marsh, 481 U.S. 200, 211 (1987)).

> The inculpatory statement, without in-trial testimony or the opportunity for cross-examination, was redacted to refer

18

> only to Russaw, Hudson, and an unnamed third person. No
> reference to the Petitioner was made. The right of
> confrontation was upheld. This claim has no arguable
> merit.

(Id., Ex. I, 7/7/06 PCRA Ct. Op. at 7.) On appeal, the Superior Court agreed with the

PCRA court and found no error or abuse of discretion.

Based on the record the court finds that the state court decisions were not

contrary to, or involved an unreasonable application of clearly established Federal

law and that the decisions were not based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceedings. Because

House's claim has no arguable merit, counsel cannot be found to be ineffective under

the Strickland standard for failure to object to the challenged statement.

### 3.    Ineffective assistance of appellate counsel

House raises several claims of ineffective assistance with respect to his

appellate counsel. He claims that counsel failed to preserve the following issues with

respect to sentencing: (1) the trial court's failure to consider the guidelines; (2) the

trial court's failure to state the reasons for the sentence imposed; (3) the harshness of

the sentence imposed; (4) the failure of the convictions to merge for purposes of

sentencing; and (5) the sentence exceeding the guidelines without an adequate

explanation. House also challenges appellate counsel's failure to challenge the

sufficiency of the evidence with respect to the conspiracy verdict.

In addressing House's appeal from the denial of his PCRA petition, the

Superior Court addressed each of the claims raised above, and found them to be without merit, as aptly supported by the record. (Doc. 10, Ex. L at 14-16.) With respect to the issue of the trial court's consideration of the guidelines, the record reveals that the trial court was completely informed regarding the sentencing guidelines which applied in House's case. (Doc. 10, Ex. A, Trial Tr. 9/9/04 at 2-3.) Further, the trial court received the guidelines attached to the pre-sentence investigation report, and the prosecutor informed the trial court of the ranges at the sentencing hearing. Id. Further, the trial court record sets forth the reasons for the sentence imposed by the trial court. (Id. at 10-12.) With respect to the alleged harshness of the sentence and the trial court's failure to consider all of the circumstances, the record reveals that the trial court fully considered a pre-sentence investigation report and House's history prior to rendering the sentence. (Id.; Ex. K at 24.) Further, the record supports the Superior Court's finding that the sentences did not exceed the sentencing guidelines, and that the trial court did set forth an explanation for the sentences on the record. (Id., Ex. A, Trial Tr. at 10-12.) Finally, with respect to the issue of merger, under Pennsylvania law, conspiracy and a substantive offense do not merge. (Id., Ex. L at 16.)

House also claims that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to the criminal conspiracy charge. In

reviewing a claim of sufficiency of the evidence, this court must adhere to the following standard. "[T]he due process guaranteed by the Fourteenth Amendment [mandates] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). The court must uphold the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

The court finds that the determination of the state court that House acted in concert with Russaw is supported by the record, and not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The record contains numerous incidents of concerted activity supporting the conclusion that House and Russaw shared criminal intent.

Accordingly, for the reasons stated, House's challenges to the sentencing and the sufficiency of the evidence are without support in the record. As such, his ineffective appellate counsel claims based on these issues are without arguable merit and fail.

IV.   **Conclusion**

Based on the foregoing discussion, the court will deny the instant petition for writ of habeas corpus.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT J. HOUSE,                          :
                                          :
          Petitioner                      :
                                          :
     v.                                   :   CIVIL NO. 3:CV-08-331
                                          :
WARDEN, SCI-MAHANOY,                      :   (Judge Kosik)
                                          :        **FILED**
          Respondent                      :        **SCRANTON**

                                                   APR 1 7 2009

                **O R D E R**              PER _____
                                                   DEPUTY

**NOW, THIS** *17* **DAY OF APRIL, 2009,** upon consideration of the

petition for writ of habeas corpus, and in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.    The Clerk of Court is directed to mark this case **CLOSED.**

3.    There is no basis for the issuance of a certificate of appealability.  28
      U.S.C. § 2253(c)(1)(A).

                         _____
                         EDWIN M. KOSIK
                         United States District Judge