UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT J. HOUSE, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-08-0331
:
WARDEN, SCI-MAHANOY, : (Judge Kosik)
:
Respondent :

### MEMORANDUM

Robert J. House, an inmate confined at the State Correctional Institution at Mahanoy, seeks to reopen his federal habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(6). House contends that the Supreme Court's holding in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012), warrants relief from this court's finding that the fourth ground raised in his federal habeas petition filed pursuant to 28 U.S.C. § 2254 was procedurally defaulted.[1] For the following reasons, the pending motion will be denied.

---

[1] In this ground, House alleges that material and prejudicial testimony evidence was introduced against him without opportunity to cross-examine. He claims that admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw, who did not testify at trial, identified House as the "third person" involved where there were only three defendants and two were named. (Doc. 1, Pet. at 10.)

I.  **Background**

Following a jury trial in the Dauphin County Court of Common Pleas, House was convicted of Aggravated Assault and Criminal Conspiracy on June 17, 2004. He was sentenced to a term of imprisonment of 13½ to 27 years on September 9, 2004. He thereafter pursued a direct appeal to the Pennsylvania Superior Court raising the issue of trial court abuse of discretion when it allowed the Commonwealth, over defense objection, to introduce evidence of an offense for which he had previously been acquitted. On August 9, 2005, the Superior Court affirmed the judgment of sentence on direct appeal. (Id; Commonwealth v. House, No. 1572 MDA 2004.) No petition for allowance of appeal was filed with the Pennsylvania Supreme Court.

On October 28, 2005, House filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. The PCRA court appointed counsel on November 9, 2005, and granted leave to file a supplemental PCRA petition. On January 30, 2006, appointed counsel filed a Motion to Withdraw under the PCRA. On July 7, 2006, the PCRA court issued a Memorandum and Order finding the issues raised by House in his PCRA petition lacked merit, granting counsel's Motion to Withdraw, and providing House with notice of the intent to dismiss his PCRA petition. On August 31, 2006, the PCRA court dismissed the petition.

House thereafter filed a pro se appeal to the Pennsylvania Superior Court from the denial of PCRA relief. In the appeal, the following grounds were raised:

1. Denial of effective assistance of trial counsel for failing to obtain and/or utilize prior inconsistent statements of Brent Mosley.

2. Denial of effective assistance of trial counsel for failing to call Keith Campbell as a witness.

3. Denial of effective assistance of trial counsel for failing to object to the trial court's coercive instruction to the jury.

4. Denial of effective assistance of trial counsel for failing to object to the improper admission of non-testifying co-defendant's inculpatory statement.

5. Denial of effective assistance of counsel on direct appeal for failing to preserve a valid sentencing issue.

6. Denial of effective assistance of counsel on direct appeal for failing to argue the lack of sufficient evidence to support the conspiracy verdict.

7. Denial of effective assistance of counsel during PCRA proceedings for failing to raise direct appeal counsel's ineffectiveness regarding trial ineffectiveness.

(Doc. 10, Ex. K.) On October 30, 2007, the Superior Court affirmed the denial of PCRA relief. (Id., Ex. L, Commonwealth v. House, No. 1720 MDA 2006.) A petition for allowance of appeal was not pursued to the Pennsylvania Supreme Court.

The instant petition for writ of habeas corpus was filed on February 22, 2008. In the petition, House raised the following grounds:

3

1. Petitioner's conviction resulted from state court errors which denied a fair trial. The trial court abused its discretion when it allowed the Commonwealth, over defense objection, to introduce as "other wrongs, crimes or acts" an alleged incident (carjacking) for which Petitioner had been acquitted the week before in Federal Court.

2. Petitioner's trial counsel was ineffective. Trial counsel failed to utilize 5/4/03 statement of victim to police or 7/29/03 preliminary hearing testimony, failed to call Keith Campbell as a witness, failed to object to the Court's coercive jury instructions and failed to object to the improper admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw who did not testify at trial identifying Petitioner as "third person" where there was only three defendants and two were named.

3. Petitioner's appellate counsel was ineffective for failing to preserve valid sentencing issues that Court did not consider the guidelines, state reason for sentence and imposed unduly harsh and excessive sentence that should have merged and failed to argue sufficiency of conspiracy verdict where there was no evidence that Petitioner participated in the object of the conspiracy.

4. Material and prejudicial testimony evidence was introduced against Petitioner without opportunity to cross-examine. Admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw who did not testify at trial identified Petitioner as "third person" where there were only three defendants and two were named.

(Doc. 1, Pet. at 6, 7, 9, 10.) A response to the petition and a traverse thereto were thereafter filed.

4

On April 17, 2009, this court issued a Memorandum and Order denying House's habeas petition. In so doing, the court found that the fourth ground raised by House was procedurally defaulted. In the fourth ground, House claimed that the evidence was admitted in violation of Bruton v. United States, 391 U.S. 123 (1968). Specifically, House refers to the admission of O'Connor's testimony provided by co-defendant Russaw who did not testify at trial. However, this claim was never presented to the state courts independent of the ineffectiveness of counsel claim. Under the PCRA, the time for presenting the claim had expired and none of the time limitation exceptions set forth in 42 Pa. CS.§ 9545(b) were available to House. This court could not review the merits of this procedurally defaulted claim because House was unable to demonstrate either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice would result if the court did not review the claim. (Doc. 15 at 6-7.) The remaining three grounds raised in House's petition were exhausted and addressed by the court on the merits. Each ground was found to be without merit. (Id. at 10-23.)

On February 2, 2012, House filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) based upon a decision issued by the Third Circuit Court of Appeals in Adamson v. Cathel, 633 F.3d 248 (3d Cir. 2011). The motion was denied on August 9, 2012. (Doc. 18.) Presently pending is House's second motion for relief from judgment filed pursuant to Rule 60(b)(6) filed on

5

August 23, 2012. In the motion, he seeks relief from that portion of this court's Memorandum and Order of April 17, 2009, finding that the fourth ground raised in his petition was procedurally defaulted. He bases the motion solely on the Supreme Court's recent holding in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012).

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." Id.

## III. Discussion

In Martinez, the Supreme Court considered "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S. Ct. at 1315. The Court had previously held in Coleman v. Thompson, 501 U.S. 722 (1991), that "an attorney's negligence in a post conviction proceeding does not establish cause" to excuse a procedural default. Martinez, 132 S. Ct. at 1319. Crafting a "narrow exception" to the rule in Coleman, the Martinez Court held that:

> Where, under state law, claims of ineffective assistance of
> trial counsel must be raised in an initial-review collateral

6

> proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that the proceeding was ineffective.

132 S. Ct. at 1320.

In the instant case, the court must first address whether the argument raised by House is properly done so in the context of a Rule 60(b)(6) motion. Addressing this precise issue, the Fifth Circuit held that "the <u>Martinez</u> decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." <u>Adams v. Thaler</u>, 679 F.3d 312, 320 (5th Cir. 2012)(citations and internal quotation marks omitted). There, the district court denied Adams' habeas petition after finding that his ineffective-assistance-of-trial-counsel claims were procedurally defaulted and that "ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default." <u>Adams</u>, 679 F.3d at 316. Adams argued that <u>Martinez</u> constituted an "extraordinary circumstance" entitling him to relief under Rule 60(b)(6).

The Fifth Circuit disagreed, finding support in the Supreme Court's decision in <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005).[2] In <u>Gonzales</u>, the Court "concluded that a

---

[2] Although the Third Circuit has yet to address the implications of <u>Martinez</u>, like the Fifth Circuit, it has held that "[because of the societal interest in the finality of judgments, intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." <u>Parker v. Univ.</u>

7

change in decisional law, concerning the interpretation of [the Antiterrorism and Effective Death Penalty Act's] statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute 'extraordinary circumstances' under Rule 60(b)(6)." Adams, 679 F.3d at 320. Similarly, the Fifth Circuit held that "[t]he Supreme Court's later decision in Martinez, which creates a narrow exception to Coleman's holding regarding cause to excuse procedural default, does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." Adams, 679 F.3d at 320.

This court is persuaded by the Fifth Circuit's reasoning and joins other courts in holding that Martinez does not alone constitute an "extraordinary circumstance" warranting relief under Rule 60(b)(6). See Brown v. Wenerowicz, Civ. No. 07-1098, 2012 WL 6151191, at *3-4 (E.D. Pa. Dec. 11, 2012); Vogt v. Coleman, CIV.A. 08-530, 2012 WL 2930871, at *3-4 (W.D. Pa. July 18, 2012); McGuire v. Warden, Chillicothe Corr. Inst., 3:99-CV-140, 2012 WL 5303804, at *5 (S.D. Ohio Oct. 25, 2012). For these reasons, the instant motion is denied.

In any event, the court notes that Martinez would be unavailing even if the case constituted an "extraordinary circumstance" warranting relief from this court's judgment of April 17, 2009. The only claim that this court found to be procedurally defaulted was with respect to trial court error in admitting evidence at trial in

---

of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007).

violation of Bruton v. United States, 391 U.S. 123 (1968), and not a challenge to the effectiveness of PCRA counsel in failing to raise an issue of trial counsel's ineffectiveness. An appropriate order follows.