UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. HOUSE, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-08-0331 |
| | : |
| WARDEN, SCI-MAHANOY, | : (Judge Kosik) |
| | : |
| Respondent | : |

**MEMORANDUM**

Robert J. House, an inmate confined at the State Correctional Institution at Mahanoy, seeks for the third time in this court to reopen his federal habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(6). For the second time, he attempts to rely on the Supreme Court's holding in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012). For the reasons that follow, his motion will be denied.

**I.    Background**

Following a jury trial in the Dauphin County Court of Common Pleas, House was convicted of Aggravated Assault and Criminal Conspiracy on June 17, 2004. He was sentenced to a term of imprisonment of 13½ to 27 years on September 9, 2004. He thereafter pursued a direct appeal to the Pennsylvania Superior Court raising the

issue of trial court abuse of discretion when it allowed the Commonwealth, over defense objection, to introduce evidence of an offense for which he had previously been acquitted.  On August 9, 2005, the Superior Court affirmed the judgment of sentence on direct appeal.  (Id; Commonwealth v. House, No. 1572 MDA 2004.)  No petition for allowance of appeal was filed with the Pennsylvania Supreme Court.

On October 28, 2005, House filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq.  The PCRA court appointed counsel on November 9, 2005, and granted leave to file a supplemental PCRA petition.  On January 30, 2006, appointed counsel filed a Motion to Withdraw under the PCRA.  On July 7, 2006, the PCRA court issued a Memorandum and Order finding the issues raised by House in his PCRA petition lacked merit, granting counsel's Motion to Withdraw, and providing House with notice of the intent to dismiss his PCRA petition.  On August 31, 2006, the PCRA court dismissed the petition.

House thereafter filed a pro se appeal to the Pennsylvania Superior Court from the denial of PCRA relief.  In the appeal, the following grounds were raised:

1. Denial of effective assistance of trial counsel for failing to obtain and/or utilize prior inconsistent statements of Brent Mosley.

2. Denial of effective assistance of trial counsel for failing to call Keith Campbell as a witness.

2

    3.    Denial of effective assistance of trial counsel for failing to object to the trial court's coercive instruction to the jury.

    4.    Denial of effective assistance of trial counsel for failing to object to the improper admission of non-testifying co-defendant's inculpatory statement.

    5.    Denial of effective assistance of counsel on direct appeal for failing to preserve a valid sentencing issue.

    6.    Denial of effective assistance of counsel on direct appeal for failing to argue the lack of sufficient evidence to support the conspiracy verdict.

    7.    Denial of effective assistance of counsel during PCRA proceedings for failing to raise direct appeal counsel's ineffectiveness regarding trial ineffectiveness.

(Doc. 10, Ex. K.)  On October 30, 2007, the Superior Court affirmed the denial of PCRA relief.  (Id., Ex. L, Commonwealth v. House, No. 1720 MDA 2006.)  A petition for allowance of appeal was not pursued to the Pennsylvania Supreme Court.

The instant petition for writ of habeas corpus was filed on February 22, 2008. In the petition, House raised the following grounds:

    1.    Petitioner's conviction resulted from state court errors which denied a fair trial.  The trial court abused its discretion when it allowed the Commonwealth, over defense objection, to introduce as "other wrongs, crimes or acts" an alleged incident (carjacking) for which Petitioner had been acquitted the week before in Federal Court.

    2.    Petitioner's trial counsel was ineffective.  Trial counsel failed to utilize 5/4/03 statement of victim to

3

>    police or 7/29/03 preliminary hearing testimony, failed to call Keith Campbell as a witness, failed to object to the Court's coercive jury instructions and failed to object to the improper admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw, who did not testify at trial identifying Petitioner as "third person" where there was only three defendants and two were named.
>
> 3. Petitioner's appellate counsel was ineffective for failing to preserve valid sentencing issues that Court did not consider the guidelines, state reason for sentence and imposed unduly harsh and excessive sentence that should have merged and failed to argue sufficiency of conspiracy verdict where there was no evidence that Petitioner participated in the object of the conspiracy.
>
> 4. Material and prejudicial testimony evidence was introduced against Petitioner without opportunity to cross-examine. Admission of Detective O'Connor's testimony provided by co-defendant Tywon Russaw, who did not testify at trial identified Petitioner as "third person" where there were only three defendants and two were named.

(Doc. 1, Pet. at 6, 7, 9, 10.) A response to the petition and a traverse thereto were thereafter filed.

On April 17, 2009, this court issued a Memorandum and Order denying House's habeas petition. In so doing, the court found that the fourth ground raised by House was procedurally defaulted. In the fourth ground, House claimed that the evidence was admitted in violation of Bruton v. United States, 391 U.S. 123 (1968). Specifically, House refers to the admission of O'Connor's testimony, provided by co-

defendant Russaw, who did not testify at trial. However, this claim was never presented to the state courts independent of the ineffectiveness of counsel claim. Under the PCRA, the time for presenting the claim had expired and none of the time limitation exceptions set forth in 42 Pa. C.S.§ 9545(b) were available to House. This court could not review the merits of this procedurally defaulted claim because House was unable to demonstrate either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice would result if the court did not review the claim. (Doc. 15 at 6-7.) The remaining three grounds raised in House's petition were exhausted and addressed by the court on the merits. Each ground was found to be without merit. (Id. at 10-23.)

On February 2, 2012, House filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) based upon a decision issued by the Third Circuit Court of Appeals in Adamson v. Cathel, 633 F.3d 248 (3d Cir. 2011). The motion was denied on August 9, 2012. (Doc. 18.)

On August 23, 2012, House filed a second motion for relief from judgment filed pursuant to Rule 60(b)(6). In the motion, he sought relief from that portion of this court's Memorandum and Order of April 17, 2009, finding that the fourth ground raised in his petition was procedurally defaulted. He based the motion solely on the Supreme Court's recent holding in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012).

On January 24, 2013, the court issued a decision joining the Fifth Circuit and other courts in holding that Martinez does not alone constitute an "extraordinary circumstance" warranting relief under Rule 60(b)(6).  (See Doc. 20 at 8.)  This court also noted that the Third Circuit had yet to address the implications of Martinez, but that it had held that "because of the societal interest in the finality of judgments, intervening developments in the law by themselves rarely constitute the extraordinary circumstance required for relief under Rule 60(b)(6). See Parker v. Univ. of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007).

However, this court further found that even if Martinez could constitute an "extraordinary circumstance" warranting relief from this court's judgment of April 17, 2009, any such argument would be unavailing to Petitioner.  (Doc. 20 at 8.)  The basis for the court's finding was that the only claim raised by Petitioner in his federal habeas corpus petition found to be procedurally defaulted was with respect to trial court error in admitting evidence at trial in violation of Bruton v. United States, 391 U.S. 123 (1968), and not a challenge to the effectiveness of counsel.

 On February 26, 2013, House appealed this court's decision of January 24, 2013 to the Third Circuit Court of Appeals.  (Doc. 22.)  On June 18, 2013, the Third Circuit denied House's application for a certificate of appealability.  (Doc. 26.)  In relevant part, the Third Circuit held as follows:

> . . . The Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012), does not provide a basis for relief because the District

> Court determined that Appellant's claims of ineffective assistance of counsel were meritless, not procedurally defaulted. Assuming that the Supreme Court's decision in Martinez constituted an "extraordinary circumstance []," Gonzales v. Crosby, 545 U.S. 524, 535 (2005), Appellant's motion was properly denied as to his procedurally defaulted claim of trial court error, because the narrow procedural holding in Martinez has no bearing on it.

(Doc. 26, House v. Warden SCI Mahanoy, et al., C.A. No. 13-1560 (3dCir.).)

On December 18, 2014, House filed the pending third motion for relief from judgement. (Doc. 27.) He has also filed a brief in support of his motion. (Doc. 28.)

## II.  Discussion

Because this is Petitioner's third motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), the court will assume that the parties are familiar with the standard utilized in evaluating the motion, and will not repeat it herein.

In filing his motion, House first relies on the case of Cox v. Horn, 757 F.3d 113 (3d Cir. 2014) to justify his attempt to rely on Martinez to reopen his case pursuant to a motion filed under Fed. R. Civ. P. 60(b)(6). He claims that this court's previous reliance on the Fifth Circuit's line of reasoning that such claims cannot be pursued in a Rule 60(b) motion is now incorrect in light of Cox. However, even assuming the Supreme Court's decision in Martinez constitutes an "extraordinary circumstance" for purposes of pursuing Rule 60(b) relief, House is not entitled to relief for the following reasons.

7

Without unnecessary elaboration, House raised four grounds in his federal habeas corpus petition. Three of those grounds were addressed on the merits by this court, and denied. The ineffective assistance of counsel claims were included among those claims that were addressed on the merits. The only ground found to be procedurally defaulted by this court was House's claim that evidence was admitted during the trial in violation of Bruton v. United States, 391 U.S. 123 (1968).

In his most recent Rule 60(b) motion, House attempts to argue that PCRA counsel's filing of a "no merit" letter and motion to withdraw, which was subsequently granted and upheld by the state courts, was improper. He attempts to utilize the holding in Martinez to now present this argument to the court by way of a Rule 60(b) motion. Any reliance on Martinez is misplaced. Martinez is a narrow exception exclusively used to excuse a procedural default in a federal habeas petition. It is only applicable in the circumstance where PCRA counsel was ineffective in the initial-review collateral proceeding on a claim of ineffective assistance at trial, and such claim is found to be procedurally barred by the federal court. Under such narrow circumstances, the federal court may find cause to excuse the procedural default pursuant to Martinez. The only procedurally defaulted claim in House's federal petition pertained to trial court error, not ineffective assistance of trial counsel. As such, Martinez has no bearing on it. For these reasons, the instant motion will be denied. An appropriate order follows.